**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:13-cv-1359

RALLY SOFTWARE DEVELOPMENT CORP.,

        Plaintiff,

v.

SAMPO IP, LLC, a Virginia limited liability company,

        Defendant.

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Rally Software Development Corp. ("Rally"), for its Complaint against Defendant, hereby alleges as follows:

**THE PARTIES**

1. Plaintiff Rally is a corporation organized and existing under the laws of Delaware, with its principal place of business at 3333 Walnut Street, Boulder, Colorado 80301.

2. On information and belief, Defendant Sampo IP, LLC ("Sampo") is a Virginia corporation with its principal place of business at 2331 Mill Road, Suite 100, Alexandria, Virginia 22314.

**NATURE OF THE ACTION**

3. This is an action for declaratory judgment of non-infringement and invalidity of three United States patents pursuant to the Declaratory Judgment Act, 28

1

U.S.C., §§ 2201-2202, and the United States Patent Law, 35 U.S.C. § 100 *et seq.*, and for such other relief as the Court deems just and proper.

## BACKGROUND

4. United States Patent No. 6,161,149 ("the '149 Patent") is entitled "Centrifugal Communication and Collaboration Method." The '149 Patent states that it issued on December 12, 2000, and is currently assigned to Sampo IP, LLC. A true and correct copy of the '149 Patent is attached as Exhibit A.

5. United States Patent No. 6,772,229 ("the '229 Patent") is entitled "Centrifugal Communication and Collaboration Method." The '229 Patent states that it issued on August 3, 2004, and is currently assigned to Sampo IP, LLC. A true and correct copy of the '229 Patent is attached as Exhibit B.

6. United States Patent No. 8,015,495 ("the '495 Patent") is entitled "Centrifugal Communication and Collaboration Method." The '495 Patent states that it issued on September 6, 2011, and is currently assigned to Sampo IP, LLC. A true and correct copy of the '495 Patent is attached as Exhibit C.

7. The '149 Patent, the '229 Patent, and the '495 Patent are related patents. The '229 is a continuation-in-part of the '149 Patent, and the '495 Patent is a continuation of the '229 Patent.

8. On May 8, 2013, Sampo filed a complaint ("Sampo Complaint") against five of Rally's customers, alleging infringement of the '149, the '229, and the '495 Patents (collectively, the "Asserted Patents"), based exclusively on each customer's use of Rally's Agile Application Lifecycle Management platform (the "Accused Product").

*See Sampo IP, LLC v Ambit Energy Holdings, LLC, et al.,* No. 2:13-cv-00386-JRG (E.D. Tex.) (the "Texas case"). The complaint named as Defendants Ambit Energy Holdings, LLC, BMC Software, Inc., HomeAway, Inc., Hoover's Inc., and Ristken Software Services, LLC (collectively, "the Customers"). A true and correct copy of the Sampo Complaint is attached as Exhibit D.

9. The Sampo Complaint alleges that "each defendant uses an online communications environment offered by Rally Software, e.g., Rally's Agile Application Lifecycle Management platform, which offers a communication system whereby the users of such system, via a network of computing devices linked by a network, are able to communicate with one another using such computing devices. (Ex. D, Sampo Complaint, ¶ 8.) The Sampo Complaint further alleges that "[t]he Defendants have directly infringed, and continue to directly infringe, the claims of the Asserted Patents by using the accused communication systems and methods." (*Id.* at ¶ 19.)

10. On May 16, 2013, Steven R. Pedersen, counsel for Sampo IP, spoke by telephone with Orion Armon, counsel for Rally, about Sampo's Texas case against Rally's customers. During the conversation, Mr. Pedersen threatened that Sampo IP will sue additional Rally customers (in addition to the five Sampo has already sued) unless Rally purchases a license to the Asserted Patents.

11. Rally files the present declaratory judgment action to protect and defend its Customers from Sampo's infringement claims relating to the Asserted Patents.

12. As the manufacturer and distributor of the Accused Product, Rally is indemnifying and will defend the Customers listed above against Sampo's infringement

accusations. As both the manufacturer and indemnitor, Rally is the real party in interest in the Texas case, where its products stand accused of patent infringement. Rally has a significant interest in defending the technology it develops and supplies to its Customers against Sampo's infringement accusations.

13. As the developer and seller of the Accused Product, Rally is the true defendant in the Texas case because Sampo's claims of infringement against the Customers will be determined solely on whether the Rally Platform is found to infringe the Asserted Patents.

14. Rally has a greater interest in defending Sampo's infringement claims than its Customers, and resolution of the dispute between Rally and Sampo is more likely to resolve the question of infringement definitively than if Sampo's infringement claims are litigated against individual Rally customers.

15. Rally and its products have not infringed and do not infringe, either directly or indirectly, any valid and enforceable claim of any of the Asserted Patents. In view of Sampo's express allegations of infringement against Rally's Customers and products, an actual and substantial controversy exists between the parties as to the infringement of the Asserted Patents by Rally's products and the validity of the Asserted Patents. The controversy between Rally and Sampo is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## JURISDICTION AND VENUE

16. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

17. Sampo IP is subject to the specific personal jurisdiction of this Court at least because it established minimum contacts with the State of Colorado by expressly, intentionally, and knowingly threatening Rally that it intends to file additional lawsuits against Rally's customers, and by demanding that Rally license Sampo IP's Asserted Patents to resolve Sampo's infringement claims. By threatening Rally and offering to license the Asserted Patents to Rally, Sampo IP intentionally directed its patent enforcement activities at Rally in the State of Colorado, making it reasonable and foreseeable for Sampo IP to defend against Rally's declaratory judgment lawsuit in this Court.

18. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,161,149)

19. Rally repeats and realleges each and every allegation set forth in paragraphs 1 through 18, inclusive, and incorporates them by reference herein.

20. Sampo contends that Rally Customers are infringing the '149 Patent, including without limitation through their use of the Accused Product, and need to license the '149 Patent.

21.     One or more of the claims of the '149 Patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and/or 112.

22.     For example, and without limitation, the '149 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not necessarily limited to an article by Roger Akers entitled "Web Discussion Forums in Teaching and Learning," first published in August 1997.  This case is only at the pleading stage, and Rally's investigation of the prior art is ongoing.  Rally reserves the right to rely upon additional prior art.

23.     On at least the basis that the '149 Patent is invalid, neither Rally nor its Customers need a license to the '149 Patent, and they have a right to continue providing products and services without a license to Sampo's '149 Patent.

24.     Accordingly, an actual, valid, and justiciable controversy has arisen and exists between Rally and Sampo.  A judicial determination and declaration are necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties regarding the '149 Patent.

### SECOND CAUSE OF ACTION
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 6,161,149)

25.     Rally repeats and realleges each and every allegation set forth above in paragraphs 1 through 24, inclusive, and incorporates them by reference herein.

26.     Rally's products and their use, including without limitation, the Accused Product, have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '149 Patent, either literally or under the doctrine of equivalents.

Accordingly, neither Rally nor its Customers need a license to the '149 Patent, and they have a right to continue providing products and services without a license to or inference from Sampo's '149 Patent.

27.   Accordingly, an actual, valid, and justiciable controversy has arisen and exists between Rally and Sampo.  Rally desires a prompt and definitive judicial determination and declaration that its products do not infringe any valid claim of the '149 Patent.  Such a determination and declaration are necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

### THIRD CAUSE OF ACTION
### (Declaratory Judgment of Invalidity of the U.S. Patent No. 6,772,229)

28.   Rally repeats and realleges each and every allegation set forth in paragraphs 1 through 27, inclusive, and incorporates them by reference herein.

29.   Sampo contends that Rally Customers are infringing the '229 Patent, including without limitation through their use of the Accused Product, and need to license the '229 Patent.

30.   One or more of the claims of the '229 Patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and/or 112.

31.   For example, and without limitation, upon information and belief the '229 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not necessarily limited to an article by Roger Akers entitled "Web Discussion Forums in Teaching and Learning," first published in August 1997.  This case is only at the pleading stage, and Rally's

investigation of the prior art is ongoing. Rally reserves the right to rely upon additional prior art.

32. On at least the basis that the '229 is invalid, neither Rally nor its Customers need a license to the '229 Patent, and they have a right to continue providing products and services without a license to Sampo's '229 Patent.

33. Accordingly, an actual, valid, and justiciable controversy has arisen and exists between Rally and Sampo. A judicial determination and declaration are necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties regarding the '229 Patent.

## FOURTH CAUSE OF ACTION
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 6,772,229)

34. Rally repeats and realleges each and every allegation set forth above in paragraphs 1 through 33, inclusive, and incorporates them by reference herein.

35. Rally's products and their use, including without limitation, the Accused Product, have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '229 Patent, either literally or under the doctrine of equivalents. Accordingly, neither Rally nor its Customers need a license to the '229 Patent, and they have a right to continue providing products and services without a license to or inference from Sampo's '229 Patent.

36. Accordingly, an actual, valid, and justiciable controversy has arisen and exists between Rally and Sampo. Rally desires a prompt and definitive judicial determination and declaration that its products do not infringe any valid claim of the '229

Patent. Such a determination and declaration are necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## FIFTH CAUSE OF ACTION
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,015,495)

37. Rally repeats and realleges each and every allegation set forth in paragraphs 1 through 36, inclusive, and incorporates them by reference herein.

38. Sampo contends that Rally Customers are infringing the '495 Patent, including without limitation through their use of the Accused Product, and need to license the '495 Patent.

39. One or more of the claims of the '495 Patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and/or 112.

40. For example, and without limitation, upon information and belief the '495 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not necessarily limited to an article by Roger Akers entitled "Web Discussion Forums in Teaching and Learning," first published in August 1997. This case is only at the pleading stage, and Rally's investigation of the prior art is ongoing. Rally reserves the right to rely upon additional prior art.

41. Accordingly, an actual, valid, and justiciable controversy has arisen and exists between Rally and Sampo. A judicial determination and declaration are necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties regarding the '495 Patent.

## SIXTH CAUSE OF ACTION
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 8,015,495)

42. Rally repeats and realleges each and every allegation set forth above in paragraphs 1 through 41, inclusive, and incorporates them by reference herein.

43. Rally's products and their use, including without limitation, the Accused Product, have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '495 Patent, either literally or under the doctrine of equivalents. Accordingly, neither Rally nor its Customers need a license to the '495 Patent, and they have a right to continue providing products and services without a license to or inference from Sampo's '495 Patent.

44. Accordingly, an actual, valid, and justiciable controversy has arisen and exists between Rally and Sampo. Rally desires a prompt and definitive judicial determination and declaration that its products do not infringe any valid claim of the '495 Patent. Such a determination and declaration are necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rally requests entry of judgment in its favor and against Defendant Sampo as follows:

(a) Declaring that the claims of the '149, '229, and '495 Patents are invalid;

(b) Declaring that Rally has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '149, '229, and '495 Patents, either directly or indirectly, either literally, or under the doctrine of equivalents;

(c) Enjoining Sampo, its officers, owners, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them, from making any claim that Rally's products or services infringe the '149, '229, and '495 Patents;

(d) Enjoining Sampo, its officers, owners, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them, from enforcing the '149, '229, and '495 Patents against Rally or its customers;

(e) Awarding Rally its costs of suit, including reasonable attorneys' fees; and

(f) Granting such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Rally hereby demands a jury trial of all issues triable by a jury.

May 24, 2013                                          **COOLEY LLP**


                                        By:   *s/ Orion Armon*
                                            Orion Armon (#34923)
                                            oarmon@cooley.com
                                            Matthew Leary (#43610)
                                            mleary@cooley.com
                                            **Cooley LLP**
                                            380 Interlocken Crescent, Suite 900
                                            Broomfield, CO  80021-8023
                                            Telephone:       (720) 566-4000
                                            Facsimile:         (720) 566-4099

                                            *Attorneys for Plaintiff RALLY*
                                            *SOFTWARE DEVELOPMENT CORP.*

392688 v4/CO