# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-01359-WYD

RALLY SOFTWARE DEVELOPMENT CORP., a Delaware Corporation,

    Plaintiff,

v.

SAMPO IP, LLC, a Virginia limited liability company,

    Defendant.

---

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND IMPROPER VENUE
PURSUANT TO FED. R. CIV. P. 12(b)2 & 12(b)3**

---

  In complete disregard for controlling precedent Rally brought the instant action for declaratory judgment basing its allegations of personal jurisdiction on Sampo's offer to license the asserted patents, and alleged threats to sue customers of Rally for patent infringement. Such precedent makes clear that offers to license, and threats to sue customers are *insufficient* to confer personal jurisdiction. Further, there is no basis for this Judicial District being the appropriate venue for this matter, given the dearth of contacts that Sampo has with this Judicial District. As such, the complaint in this matter should be dismissed.

### 1. This Court Lacks Personal Jurisdiction Over Sampo

  Sampo has no legally cognizable contacts with this Judicial District. Sampo has no facilities or property in Colorado, nor does it conduct business here. Croxall Decl., ¶ 2 & 3. Sampo has no agent in Colorado and maintains no bank accounts here. *Id.*, ¶ 4 & 5. The only

1

alleged basis by Rally for personal jurisdiction in this matter is that Sampo has offer to license its patents to Rally, and threatened to sue Rally's customers for patent infringement. Complaint, ¶ 17. However, binding precedent makes clear that sending such activities are insufficient to establish personal jurisdiction.

The laws of the United States Court of Appeals for the Federal Circuit, as opposed to the law of the regional circuit, applies to the issues of personal jurisdiction in declaratory judgment actions that involve patentees as defendants. *See Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995). A district court's personal jurisdiction over a non-consenting defendant outside the boundaries of the forum involves a two-step inquiry: 1) could the defendant "be subjected to jurisdiction of a court of general jurisdiction in the state in which the district is located;" and 2) does the suit "offend 'traditional notions of fair play and substantial justice' that are embodied in the Due Process Clause"? *Red Wing Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998) (citations omitted).

The Federal Circuit has stated that "the crux of the due process inquiry should focus first on whether the defendant has had contact with parties in the forum state beyond the sending of cease and desist letters or mere attempts to license the patent at issue there." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1334 (Fed. Cir. 2008). And more specifically:

> Principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum. A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement. Grounding personal jurisdiction on such contacts alone would not comport with principles of fairness.

*Red Wing Co.* at 1360-61 (citations omitted). Thus, the alleged offer to license the patents does not confer personal jurisdiction over Sampo.

With respect to Sampo's alleged threat to sue Rally's customers, this Court has already found that such activities do not confer personal jurisdiction where a defendant's "alleged threats [to sue customers] were not made to a Colorado resident and, even if the effects of those actions were felt in Colorado, the indirect nature of that action falls short of the activities contemplated by the Federal Circuit in *Avocent*." *Elec. Solutions, Inc. v. Mechoshade Sys.*, 2011 U.S. Dist. LEXIS 49330 (D. Colo. May 9, 2011).

Because this Court lacks personal jurisdiction over Sampo, the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

## 2. Venue Is Improper

Rally, in its complaint, alleges that venue is proper under 28 U.S.C. § 1391. Complaint, ¶ 18. Although Rally does not specify the paragraph of section 1391 upon which it relies, section 1391(b), directed to "Venue in General," provides:

> A civil action may be brought in—
>
> (1)    a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

It is clear from the facts set forth above that paragraphs (1) and (3) of this statute do not apply in this circumstance. Sampo also owns no property in this Judicial District that would make venue proper under paragraph (2). As concerns the remainder of paragraph (2), it would be illogical to

find that the same activities that were insufficient to confer personal jurisdiction would somehow make venue proper in this Judicial District.

Because venue is not proper in this Judicial District, the complaint should be dismissed pursuant to Fed. R. Cir. P. 12(b)(3).

**Conclusion**

For the foregoing reasons, Rally's complaint should be dismissed.

Dated: June 10, 2013

Respectfully submitted,
*s/ Steven R. Pedersen*
Steven R. Pedersen
Rolf O. Stadheim
George C. Summerfield
Stadheim & Grear Ltd.
400 North Michigan Ave.
Suite 2200
Chicago, Illinois 60611
Telephone: (312) 755-4400
Facsimile: (312) 755-4408
Email: pedersen@stadheimgrear.com

*Attorneys for Defendant Sampo IP, LLC*

CERTIFICATE OF SERVICE: I hereby certify that on June 10, 2013, a true and correct copy of the foregoing *DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(b)2 & 12(b)3* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to the following counsel of record:

> Matthew Leary
> Cooley LLP
> mleary@cooley.com

> *s/ Steven R. Pedersen*
> Steven R. Pedersen
> Attorney for Defendant Sampo IP, LLC
> Stadheim & Grear Ltd.
> 400 North Michigan Ave.
> Suite 2200
> Chicago, Illinois 60611
> Telephone: (312) 755-4400
> Facsimile: (312) 755-4408
> Email: pedersen@stadheimgrear.com